IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PATRICIA A. CHAPMAN                                                      PLAINTIFF

vs.                                     Civil No. 04-4163

JO ANNE B. BARNHART,
Commissioner, Social Security Administration                      DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

Patricia A. Chapman (hereinafter "Plaintiff"), has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her claim for supplemental security income (hereinafter "SSI") benefits, pursuant to *§ 1602* of Title XVI, *42 U.S.C. § 1381a*. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

Each party has filed an appeal brief (Doc. #9 & 10). The history of the administrative proceedings is contained in the respective appeal briefs and will not be recited herein, except as is necessary.

The SSI application now before the undersigned was filed on July 24, 2002 (T. 46-49). Said application alleges an onset date of December 11, 2001 (T. 46).

Plaintiff alleges that she is disabled due to: anterior and posterior osteophyte formation at L5-S1; degenerative arthritis; disc degeneration at L5-S1 associated with moderate central and mild right paracentral posterior prolapse of the nucleus pulposus with mild thecal sac

encroachment; right lumbar radiculopathy; weakness at L4-5; pain in back, leg, shoulder, ankle and wrist; cervical and lumbar tenderness and muscle spasms; severe edema of the lower extremities; hypertension; chronic obstructive pulmonary disorder; degenerative arthritis of the left ankle; depression; joint pain; bulging discs at C3-4, C4-5, C5-6, and C6-7; central spinal stenosis with cord flattening at C3-4; hypertrophy associated with bone spur centrally at C5-6; mild neural foraminal encroachment on the right and left at C5-6; chronic neck pain, radiating into both arms with tingling of the fingers and hands; crepitance of the left knee; insomnia; anxiety; dizziness; syncope; right pulmonary nodule; cancer of the right kidney; cancer of the cervix; cancer of the gall bladder; suicidal tendencies with suicide attempt; visual hallucinations; sleep apnea; bipolar disorder; depression disorder with psychotic features; personality disorder; and, obesity (Doc. #9, pp. 6-7). The issue before this Court is whether the decision of the Commissioner is supported by substantial record evidence.

Plaintiff, whose date of birth is May 19, 1965, was 38 years of age at the time of the administrative hearing (T. 224). Plaintiff has a 10th grade education and has not obtained her GED (T. 224). Plaintiff previously worked as a certified nurses aid (hereinafter "CNA"), and as a night auditor/clerk in the hotel industry (T. 224-225).

The Social Security Administration denied plaintiff's application initially and on reconsideration. She then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was conducted on March 4, 2004 (T. 221-249). The ALJ rendered an unfavorable decision on July 26, 2004 (T. 15-21). Plaintiff then sought the review of the Appeals Council and provided a significant amount of additional evidence for review by the Appeals Council (T. 8, 160-220, 250-388). Although the appeals counsel considered the

additional evidence submitted by Plaintiff, her request for review was denied by the Appeals Council on September 14, 2004 (T. 5-8), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision (Doc. #1). The matter is before the undersigned by consent of the parties (Doc. #8).

**Applicable Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000); see also Craig v. Apfel 212 F.3d 433, 435-436 (8th Cir. 2000).* Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999).* In considering whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Prosch, 201 F.3d at 1012.* We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *See id.*

However, the Court may not reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).* Even if this Court might have weighed the evidence differently, the decision of the ALJ may not be reversed if there is enough evidence in the record to support the decision. *Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).* And, it is well settled that proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan, 981 F.2d 976, 978 (8th Cir.1992).*

The Commissioner has established, by regulation, a five-step sequential evaluation for

-3-

determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 416.920(b)*. If the claimant is so involved, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926*. If not, benefits are denied; if so, the evaluation proceeds to the next step.

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e)*. If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f)*. If so, benefits are denied; if not, benefits are awarded.

In addition, whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a)*.

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*. Application of the technique must be documented by the Commissioner at the ALJ hearing and

AO72A
(Rev. 8/82)

Appeals Council levels. See *20 C.F.R. § 416.920a(e)*.

In cases involving the submission of supplemental evidence subsequent to the ALJ's decision, the record includes that evidence submitted after the hearing and considered by the Appeals Council. See *Jenkins v. Apfel, 196 F.3d 922, 924 (8th Cir.1999) (citing Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994))*. Thus, in situations such as the present, this court's role is to determine whether the ALJ's decision "is supported by substantial evidence on the record as a whole, including the new evidence submitted after the ALJ's determination was made." *Riley v. Shalala, 18 F.3d at 622*. In practice, this requires a decision as to how the ALJ would have weighed the new evidence had it existed at the initial hearing. *See id.* As the United States Court of Appeals for the Eighth Circuit has often noted, "this [is] a peculiar task for a reviewing court." *Id.* Critically, however, this court may not reverse the decision of the ALJ merely because substantial evidence may allow for a contrary decision. *See Woolf v. Shalala,* 3 *F.3d 1210, 1213 (8th Cir.1993)*. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. *Flynn v. Chater, 107 F.3d 617, 622 (8th Cir.1997)*. Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.; Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir. 1995)*.

**Discussion:**

An individual is "disabled" under the Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A)*. The

burden of establishing a compensable disability under the Act is initially on the claimant. See *Kerns v. Apfel, 160 F.3d 464, 466 (8th Cir.1998); Riley v. Shalala, 18 F.3d at 621 (quoting Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987))*. However, the submission of the additional evidence to the Appeals Council complicates this analysis; thus, this court now turns to that additional evidence.

Here, the Appeals Council initially considered 60 additional pages of medical evidence before denying review on September 14, 2004 (T. 5-8, 160-220). Later, the Appeals Council discovered and considered an additional 138 pages of medical records which it failed to previously associate with Plaintiff's file (T. 250). Although the matter before the undersigned was pending when the further additional evidence was discovered and considered, the Appeals Council provided an explanation of such and reaffirmed the denial of review by letter dated March 4, 2005 (T. 250-388).

The administrative record before the undersigned contains psychological and physiological medical records, not previously included in the administrative record (T. 5-8, 160-220, 250-388). This additional evidence reveals medical evidence of a suicide attempt, psychiatric hospitalization, cancer of the kidney and gallbladder, removal of the right kidney and gallbladder, chemotherapy treatments, as well as diagnoses of depressive disorder with psychotic features, personality disorder, bipolar disorder, and anxiety/panic attacks (T. 256, 168, 170, 171, 174, 205, 264, 252, 327, 329, 339, 340, 342, 357, 361, 375). This information was not previously made available to or considered by the ALJ.

Notably, the ALJ specifically found that Plaintiff's alleged depression was not a severe impairment (T. 17), yet the additional evidence includes medical evidence of Plaintiff's suicide

AO72A
(Rev. 8/82)

attempt, psychological treatment, psychiatric medications, admission to an inpatient psychiatric facility and psychological diagnoses (T. 250-388). Following the suicide attempt, Plaintiff was treated with multiple psychiatric medications, such as: Haldol; Cogentin; Ativan; Restoril; Effexor; Provigil; Seroquel; Wellbutrin; Proventil; Tenormin; and, Zyprexa (T. 260-264, 271-311). However, the ALJ was not provided with that information, and therefore could not consider said information. The ALJ did not have the benefit of any of this information when he found that Plaintiff did not suffer from a severe mental illness. Clearly, such voluminous, detailed mental health treatment records with the aforementioned treatment and findings could reasonably cause the ALJ to reach a different conclusion.

Although the ALJ determined that Plaintiff's only severe physical impairment was "a history of treatment for a back disorder" (T. 15), the ALJ again did not have benefit of all available information with respect to Plaintiff's cancer or cancer treatment. The records before the ALJ indicated that Plaintiff's cervical cancer was controlled and not expected to spread elsewhere in Plaintiff's body. However, the additional evidence indicates that the cancer was also found in Plaintiff's right kidney and gall bladder. Plaintiff underwent surgical removal of both organs as well as subsequent treatment. Yet again, the ALJ did not have benefit of this information when he rendered his decision.

The undersigned is required to consider whether the knowledge of the additional evidence considered by the Appeals Council would impact the ALJ's decision. We find that the additional evidence would impact upon the ALJ's analysis. This evidence belies the ALJ's findings with respect to what physical and or mental impairments are severe. Specifically, the evidence of Plaintiff's psychological treatment and medications, as well as surgeries and

AO72A
(Rev. 8/82)

oncology medications, would likely change the ALJ's findings with respect to Plaintiff's severe impairments. The ALJ's findings of Plaintiff's severe physical and mental must be reconsidered in view of the additional record evidence.

In order to reach the same conclusion with respect to Plaintiff's severe impairments as noted in the decision, the ALJ would be forced to disregard Plaintiff's diagnoses, surgeries and medications. The evidence of record before the undersigned does not contain substantial evidence to support such disregard of the additional objective medical evidence considered by the Appeals Council. Therefore, the ALJ should have an opportunity to consider the additional evidence considered by the Appeals Council.

**Conclusion:**

Accordingly, the decision of the ALJ, denying benefits to the plaintiff, is not supported by substantial evidence, and should be reversed. This is especially true in light of the additional evidence submitted to the Appeals Council, which was not before the ALJ when he rendered his decision. This matter should be remanded to the Commissioner, for further consideration consistent with this opinion.

ENTERED this 3rd day of February, 2006.

/s/Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

AO72A
(Rev. 8/82)